HORACE SHELDON & another *vs.* JOHN C. GRADY.

Worcester.    October 5. — 22, 1874.    COLT & MORTON, JJ., absent.

At the trial upon charges of fraud filed under the Gen. Sts. *c.* 124, §§ 31–34, against a poor debtor, evidence was put in tending to show that the property, alleged to be fraudulently conveyed, was encumbered by a mortgage given to secure the purchase money of certain real estate bought by the defendant and A. ; that a large part of the mortgage had been paid from the proceeds of sales of said real estate ; and that the mortgagee had received all the proceeds of said sales. *Held,* that the deeds of said real estate were not admissible in evidence to show from the consideration expressed therein how much had been paid on the mortgage.

POOR DEBTORS' OATH.    On December 31, 1872, after the arrest of the defendant on an execution issued on a judgment recovered in a civil action, and pending his examination before a master in chancery upon his application to take the oath for the relief of poor debtors, the judgment creditor filed charges of fraud, under the Gen. Sts. *c.* 124, §§ 31–34, alleging that since the debt was contracted and the cause of action accrued for which the defendant had been arrested, he had fraudulently conveyed, concealed and otherwise disposed of some part of his estate, with a design to secure the same to his own use and to defraud his creditors.

Trial in the Superior Court, on appeal, before *Bacon*, J., who, after a verdict for the defendant, allowed a bill of exceptions in substance as follows :

The plaintiffs offered evidence tending to show that the property which was, as they contended, fraudulently conveyed, was incumbered by a mortgage, given to secure the purchase money of certain real estate, bought by the defendant in company with James Murphy ; but that a large part of the mortgage had been paid from the proceeds of the sales of parts of said real estate. The holder of the mortgage testified for the plaintiffs that he had received all the proceeds of said sales in part payment of said mortgage, and stated the price per foot for which the lots sold, and the amounts received by him as the proceeds of said sales. The plaintiffs then offered to put in the record copies of deeds from Murphy and Grady of the lots sold by them out of said real estate, as evidence tending to show by the amount of the consideration expressed in said deeds, exactly how much had been paid upon said mortgage. The judge ruled that said records could not be admitted ; and the plaintiffs alleged exceptions.

*H. B. Staples*, for the plaintiffs.

*J. R. Thayer*, for the defendant.

ENDICOTT, J. The evidence was properly excluded. The plaintiffs attempted to prove how much had been paid by the defendant upon a certain mortgage. They called the mortgagee who testified how much he had received, as the proceeds of the sale by the defendant of certain lands, which proceeds he had applied to the payment of the mortgage debt. The plaintiffs then offered copies of the deeds of the land so sold for the single purpose of showing by the amount of the consideration in each deed how much had been paid on the mortgage. This they contend was competent as an admission by the defendant of the amount paid. The consideration named in the several deeds was *primâ facie* evidence of the amount received, and so far an admission by the defendant. But it is no admission of the amount paid on the mortgage ; that was a separate and distinct transaction. Upon the facts before us, and for the particular purpose for which the deeds were offered, they were not competent.

*Exceptions overruled.*